Monell, Ch. J.
(concurring).—I concur in sustaining the exceptions in this case, as, under the facts, it was error to limit the recovery to the difference between the amount insured and the sum received for freight.
Immediately upon the happening of the disaster, the insurers were notified; and what took place on that occasion, and subsequently, amounted to an abandonment of the freight money to the underwriters, and was, therefore, a constructive total loss (2 Arnould, 1136, § 396).
The relation of agent for the defendant by Hunt, and, indeed, pro hac vice, by Stackpole & Co., was prima facie, sufficiently established by the evidence ; and assuming, therefore, as the court should have as *457 sumed, that all they did in respect to the ship- and cargo was done under the abandonment and for the benefit of the underwriters, the plaintiffs were entitled to recover as for a total loss.
It is a general rule, that if freight, though ulti mately earned after a valid notice of abandonment, is yet earned under such circumstances that it is of no benefit to the owner, because of the expense of earning it exceeding its loss, this will not divest his right to recover as for a total loss (2 Arnould, 1139 ; Benson v. Chapman, 6 Mann & Gr. 792; Willard v. Millers Manuf. Ins. Co. 24 Mo. 561).
That would be this case if the assured had actually received the subsequently-earned freight money; for it appears that the expense of rescuing the portion of the cargo which earned the freight was much greater than the freight received. And in that case, under the rule stated, the assured could recover as for a total loss.
But I think that if the proof of abandonment was sufficient—and it was, as I have said, prima facie— then whatever was done towards or in rescuing the cargo and earning the freight was for the benefit of the underwriters. For the effect, of abandonment is to transfer to the insurers the whole interest of the assured in the subject insured, In this case it transferred the freight money, and any amount that -was afterwards derived from that source was salvage to the underwriters.
As practically nothing was received—the whole amount having been absorbed by the expenses—no deduction, under either aspect, should have been allowed.